### CINCINNATI v. GUTH.

INJURY TO PEDESTRIAN FROM KNOWN DEFECTS IN SIDEWALK DOES NOT IMPUTE CONTRIBUTORY NEGLIGENCE.

Where the only act of contributory negligence imputable against a pedestrian is the using of a board sidewalk known to be in an unsafe condition, the dangers of which could not have been avoided on account of other parts of the street being unsafe, the issue, in an action against the city for injuries sustained therefrom, is one of fact determinable by the jury under proper instructions by the court.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

E. M. Ballard, city solicitor, for plaintiff in error.

Kelley & Hauck, for defendant in error.

GIFFEN, J.

It appears on page 114 of the bill of exceptions that the plaintiff, when she entered upon the defective sidewalk, knew that the boards were loose and liable to tilt when stepped upon, but the testimony also tends to prove that the other parts of the street were in an unsafe condition for travel, and that she could not easily avoid the danger from the board-walk.

The question of contributory negligence was therefore one of fact to be determined by the jury, under proper instructions from the court. Such instructions were given at the request of the defendant, and are numbered eight and nine in the bill. Schaefler v. Sandusky, 33 Ohio St. 246 [31 Am. Rep. 533]; Norwalk v. Tuttle, 73 Ohio St. 242 [76 N. E. Rep. 617].

The testimony shows that the plaintiff exercised care commensurate with the known danger; that the accident occurred by reason of her companion, a boy about sixteen years of age, stepping upon one of the loose boards and causing it to tilt in front of the plaintiff while walking, whereby she tripped and fell to the ground. The only act therefore, if any, of contributory negligence was in using the walk when known

Cincinnati v. Guth.

to be in a dangerous condition, and we are not disposed to disturb the finding of the jury necessarily implied in the general verdict given under proper instructions:

We find no prejudicial error and the judgment will be affirmed.

**Swing** and **Smith, JJ.,** concur.